**PINEAURO LAUOLETOLO, Plaintiff**

**v.**

**ILIMALEOTA SETENAISILAO and CONTINENTAL
INSURANCE, Defendants**

High Court of American Samoa
Trial Division

CA No. 27-89

January 31, 1990

Before KRUSE, Chief Justice, TAUANU'U, Chief Associate Judge, and
AFUOLA, Associate Judge.

Counsel: For Plaintiff, Charles V. Ala'ilima
For Defendant Setenaisilao, Togiola T.A. Tulafono
For Defendant Continental, Roy J.D. Hall Jr.

Plaintiff, Pineauro Lauoletelo, is the mother of a young child
who was killed in an automobile accident which occurred on December
24, 1987. She sues for wrongful death alleging the *proximate cause* of
her son's death as being the negligence of defendant Ilimaleota
Setenaisilao, the driver of the vehicle involved. Defendant Continental
Insurance is joined as the insurer of the vehicle.

*Facts*

Young Mose Puapuaga was tragically struck by a passing vehicle on Christmas Eve 1987 while he attempted to cross the main east-west highway in Pava'ia'i village. Mose was only three years old at the time and he died a few days after the collision.

On the evidence presented we find that Mose's grandmother had taken him with her earlier in that tragic evening to choir practice at the Pava'ia'i Methodist Church. The adults apparently attended choir practice while a number of children, including Mose, were given gifts and then left to play outside in the churchyard. For reasons unknown, Mose wandered outside the churchyard. He walked next door to the parking lot of Haleck's supermarket and then crossed the highway in front of the supermarket. At or around 7:00 p.m. he was seen by another child, Tulelei Efeso, who had been with him earlier at the church yard. Tulelei, who was 10 years old at the time, had just exited the supermarket with an ice-cream cone when she noticed Mose on the opposite side of the road. Mose called to her about her ice-cream cone and he asked Tulelei if he too could have one. She, in turn, called to Mose to wait first for the cars on the road to pass; however, Mose ran across the road without heeding her and was hit by a passing vehicle. After she saw him being taken away by the occupants of the vehicle involved, Tulelei then went and told Mose's grandmother who was in front of the church building.

Setenaisilao was, at the time, driving his pickup truck towards Faleniu village. He testified that as he approached the vicinity of Haleck's supermarket he heard something strike the side of his truck. He then stopped as he thought that someone had thrown a rock at his vehicle. However, after inquiring of his son who was sitting in the back of the truck, he was told that there was a child lying on the road who was struck by the vehicle. They then immediately drove the child to the hospital. Setenaisilao testified that he never saw the child at all.

That portion of the highway immediately in front of Haleck's supermarket is a relatively straight and level stretch of road. At the time of the collision, darkness had already set in and road conditions were wet with rain showers. The supermarket and its car park area adjacent to the highway were busy with people making last minute Christmas purchases.

38

*Discussion*

The defense submits that the accident was unavoidable --- the case of the child who suddenly darts out onto the roadway into oncoming traffic. Inviting our attention to *Matalolo v. Penitusi*, 4 A.S.R.2d 46 (1987), the defense argues that negligence must be proven and that the mere fact that a child is struck by a vehicle does not thereby of itself establish negligence. The defense further contends that there was simply neither time nor opportunity for the driver to take any evasive action given the circumstances of the child's "sudden and unexpected" entry onto the road.

On the other hand, plaintiff's counsel urges that the "darting out" cases relied on by the defense are concerned only with those circumstances where the child is "hidden" from the motorist's line of sight until immediately before impact. Here, plaintiff submits that Setenaisilao was negligent in his operation of the vehicle because he had failed to keep a proper lookout: the accident occurred on a straight stretch of highway and the child was crossing from the side of the roadway on the driver's left; the defendant admitted that he never saw the child; however, had he kept a proper lookout he would have seen young Mose either at the edge of the highway or about to cross the highway. Therefore, plaintiff contends that the reason why the defendant never saw the child was that he did not pay proper attention to the roadway in front of him.

The law imposes an extra special duty of care upon a motorist who either encounters children or who drives into any area where children are expected to be present. Because young children do not have the same sensibilities for safety, the motorist in these circumstances is expected to operate his vehicle in a manner which anticipates the possibility of unexpected and imprudent childish behavior. This, however, does not equate to strict liability. The law is equally clear that motorists are not insurers of children's safety and the mere fact of injury does not necessarily mean negligence.

In the present matter we cannot conclude, given the surrounding circumstances, that the place of the accident was an area where the prudent motorist would have been expected to be especially vigilant and on the lookout for small and unsupervised young children. It was in the evening and it was raining and the accident occurred in the vicinity of a supermarket and some small shops which collectively produced an extraordinary amount of traffic because of last minute Christmas

shopping. These are hardly the circumstances where one should be reasonably expected to anticipate the presence of children of tender age wandering unattended around and about the highway.

The next question is necessarily whether Setenaisilao breached his general duty of care by not keeping a proper lookout at the crucial time. On the extent of our record, we are unable to conclude on the balance of probabilities that there was such a breach of duty. If we ignored the surrounding circumstances and simply drew the inference that Setenaisilao did not see the child because he did not keep a proper lookout, then we would almost certainly be exacting a standard of strict liability and the notion of *res ipsa loquitur* should thus be appropriate in all cases involving children. The only factor arguably in plaintiff's favor was the fact that the child had to run from across the westbound lane before colliding with Setenaisilao's eastbound vehicle.[1] Counsel argues that given the straight stretch of roadway, the little boy crossing from the opposing side of the highway *should* have been visible to a driver who kept a proper look out. This factor, however, is far from conclusive when weighed against other additionally relevant and countervailing factors which also constitute the surrounding circumstances and which would have also competed for any driver's attention that particular night: a dark rainy highway at night with artificial lighting resulting in a very bad glare that significantly impairs vision, and the traffic generated by the supermarket including vehicular movement both on the highway and within and without the supermarket area. The last thing one should be expected to contend with at that time and place would be a 3 year old boy on a busy part of the highway, unattended by an adult, who suddenly runs excitedly across that highway anticipating the delights of an ice cream cone. We cannot on the proofs before us find the defendant Setenaisilao to have been in breach of his duty to keep a proper lookout. Judgement is accordingly to be entered for the defendants.

It is so Ordered.

---

[1] There was nothing in the way of physical evidence presented except for the investigating police officer's testimony to the effect that he had examined the defendant's pickup truck the following day and that all he could find consistent with the impact was a large indentation appearing on the driver's side towards the rear of the vehicle.